**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN THE MATTER OF** ) | No. CV09-2239 PHX DGC |
| ) | |
| Gorilla Companies, Inc., et al., ) | BK NO. 2:09-BK-02898 RJH |
| ) | 2:09-BK-02901-CGC |
| Debtor ) | 2:09-BK-02903-GBN |
| _____) | 2:09-BK-02905-CGC |
| ) | |
| Gorilla Companies, LLC ) | |
| ) | ADV. NO. 09-AP-00266 |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Robb M. Corwin, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| 13 Holdings, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| Gorilla Companies, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Defendant Jillian Corwin has filed a motion to withdraw the reference from bankruptcy court. Dkt. #2. Debtor/Plaintiff Gorilla Companies, LLC opposes the motion. Dkt. #11. Each party filed a supplemental memoranda at the Court's request. Dkt. ##18, 19. For the reasons that follow, the Court will deny Mrs. Corwin's motion and the corresponding motion by Mr. Corwin, 13 Holdings, LLC, and Great Days Consulting, LLC. Dkt. #2.

I.    **Background.**

Mrs. Corwin and her husband, Robb Corwin, are the sole owners of 13 Holdings, LLC. In June of 2007, 13 Holdings, which owned an event-management company, sold the assets of the event-management company to Gorilla. Dkt. #2 at 4.[1]  In exchange, 13 Holdings (effectively the Corwins) would receive an immediate cash payment, one million shares of Gorilla stock, a promissory note for $1.5 million, and a second note that could pay up to $6 million depending on Gorilla's performance. *Id.* at 4-5. In early 2008, Gorilla made a large payment to 13 Holdings as a prepayment on the second note. *Id.* at 5. A dispute arose between 13 Holdings and Gorilla later that year. *Id.* The two companies disagreed on the amount that 13 Holdings should receive under the second note. *Id.* Gorilla believed that it already had overpaid on the second note. *Id.* Gorilla notified Mr. Corwin that it had overpaid him and demanded that 13 Holdings repay the money. *Id.* Mr. Corwin refused, and asserted that Gorilla owed 13 Holdings more money on the second note. *Id.* When Mr. Corwin attempted to collect the money, Gorilla filed suit in Maricopa County Superior Court against the Corwins, 13 Holdings, and Great Days Consulting, LLC – another company owned by the Corwins – seeking, among other things, injunctive relief against Mr. Corwin's collection processes. *Id.* at 7. A few days later, on February 20, 2009, Gorilla filed for Chapter 11 relief under the United States Bankruptcy Code. *Id.* On March 10, 2009, Gorilla removed its suit against the Corwins, 13 Holdings, and Great Days to the bankruptcy court where it became an adversary proceeding. *Id.* On May 20, 2009, Mr. Corwin, 13 Holdings, and Great Days each filed a proof of claim in Gorilla's bankruptcy. *Id.*

Trial in the adversary proceeding is scheduled to begin in the bankruptcy court on November 23, 2009. Mrs. Corwin asks this Court to withdraw the reference and hold a jury trial with respect to the claims against her and the claims against Mr. Corwin, 13 Holdings, and Great Days.

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

**II. Analysis.**

Mrs. Corwin argues that this Court must withdraw the reference because Gorilla's claims against her involve a substantial issue of federal law and because she is entitled to a jury trial. The Court will address these arguments separately.

    **A. No issue of federal law.**

Under 28 U.S.C. § 157(d), withdrawal of the reference is mandatory when the claims or defenses "hinge on the presence of substantial and material questions of federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). Mrs. Corwin argues that Gorilla's claims against her arise out of a website she operates, known as savegorilla.com, and that the website-related claims implicate a federal statute known as the Communications Decency Act, 47 U.S.C. § 230(c)(1). Dkt. #2 at 12.

In response to the Court's question, Gorilla expressly states that no claim in this case is "asserted against Mrs. Corwin directly in her individual capacity, and no claim seeks any recovery against Mrs. Corwin's separate property." Dkt. #18 at 2. Gorilla further states that "[t]o the extent any of Gorilla's claims are indirectly brought against Mrs. Corwin, she is a defendant in this proceeding solely to the extent those claims are asserted against her marital community, as required by A.R.S. § 25-215(D)." *Id.* Because no claims are asserted against Mrs. Corwin personally – whether arising out of the website or otherwise – she will be required to assert no federal law defense that makes withdrawal of the reference mandatory under 28 U.S.C. § 157(d). *Sec. Farms*, 124 F.3d at 1008 n.4.

Mrs. Corwin argues that Gorilla has in fact asserted claims against her individually, but she supports this argument by citing emails, responses to summary judgment motions, a joint pretrial statement, and similar documents. Dkt. #19 at 3. She does not cite to the operative pleading in the adversary proceeding – Gorilla's first amended complaint. That complaint makes no claim against Mrs. Corwin personally. The Court therefore concludes that Gorilla is correct. Mrs. Corwin has not been sued individually in the adversary

proceeding, and therefore will not be required to assert a defense that introduces a substantial federal question.

Moreover, given Gorilla's unequivocal statement in this Court that it is asserting no claim against Mrs. Corwin individually, and the clear benefit Gorilla has obtained by taking this position (defeating the motion to withdraw the reference), the doctrine of judicial estoppel will bar Gorilla from changing its position and attempting to assert a claim individually against Mrs. Corwin in the bankruptcy court. *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

### B. No right to a jury trial.

Under 28 U.S.C. § 157(d), the district court may withdraw the reference on an adversary proceeding pending in bankruptcy court if good cause is shown. Generally, the district court has discretion to determine whether good cause exists. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). The Ninth Circuit has held that good cause exists when a movant is entitled to a jury trial, and that a district court abuses its discretion if it refuses to withdraw the reference in such a case. *Id.*

Mrs. Corwin has not shown that she is entitled to a jury trial. As already noted, Gorilla's first amended complaint asserts no claims against her personally.

Mrs. Corwin argues that the claims against her husband implicate her marital community property and therefore trigger her right to a jury trial. The only case cited by Mrs. Corwin in support of this argument, *Heinig v. Hudman*, 865 P.2d 110 (Ariz. App. 1994), says nothing about the right to a jury trial. In *Heinig*, a successful party sought "to convert the judgment on [an] arbitration award against one spouse into a judgment enforceable against both spouses and the assets of their marital community" even though the arbitrator expressly did not include the wife as a party. *Id.* at 113. Because the wife was not a party to the arbitration, she had no meaningful opportunity to be heard and her share of the community could not be made subject to the judgment. *Id.* at 114.

The claims in this case are asserted against Mr. Corwin and two entities owned by the Corwins. Mr. Corwin and both entities have filed proofs of claim in the bankruptcy court

and thereby have waived their rights to a jury trial. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989). Mrs. Corwin is named solely to enable Gorilla to secure a judgment against the community property if it is successful in its claims against Mr. Corwin. Mrs. Corwin has not shown that she has a Seventh Amendment right to a jury trial on the claims against her husband, and therefore has not carried her burden of showing that the reference should be withdrawn for the adversary proceeding.

**C.     Mr. Corwin, 13 Holdings, and Great Days.**

The request for withdrawal of the reference as to Mr. Corwin, 13 Holdings, and Great Days relies entirely on the arguments made by Mrs. Corwin. Dkt. #2 at 16. Because Mrs. Corwin's motion will be denied, the corresponding request by Mr. Corwin, 13 Holdings, and Great Days will also be denied.

**IT IS ORDERED:**

1.   The motion to withdraw the reference (Dkt. #2) is **denied**.

2.   The Clerk is directed to terminate this action.

DATED this 18th day of November, 2009.

_____
David G. Campbell
United States District Judge